UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHRISTOPHER D'ERRICO,   )
   )
   Plaintiff   )
   )
v.   )   No. 1:26-cv-00221-SDN
   )
CITY OF BANGOR et al.,   )
   )
   Defendants   )

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Christopher D'Errico's application to proceed *in forma pauperis* (IFP), *see* ECF No. 5, his complaint (ECF No. 1) is now before me for preliminary review, *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court must, after granting IFP status, "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

D'Errico brings claims against the City of Bangor, "animal control officer" Patricia Bruen, "prosecuting attorney[]" Grace Innis, and "animal rights activist" Laura Roggero relating to the seizure of several puppies and "emotional support" dogs from his "broken down vehicle" in the Walmart parking lot in Bangor. Complaint at 1, 8, 12. He alleges that the Defendants violated his due process rights and contravened the Americans with Disabilities Act (ADA), the Fair Housing Act (FHA), and the Hobbs Act. *See id.* at 25-40. He seeks the return of his dogs and monetary damages. *See id.* at 41.

1

D'Errico's complaint is subject to dismissal for several reasons.

First, D'Errico improperly asks this Court to review and interfere with or overturn a permanent forfeiture order relating to the dogs entered by the Maine District Court (Bangor).  See *Tyler v. Sup. Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) ("The *Rooker-Feldman* doctrine bars jurisdiction . . . where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." (cleaned up)); *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007) ("Abstention [under the *Younger* abstention doctrine] is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.").

Second, D'Errico's due process claims against the Defendants fail because by his own description he received notice and a meaningful opportunity to be heard.  *See Gorman v. Univ. of R.I.*, 837 F.2d 7, 12 (1st Cir. 1988) ("Notice and an opportunity to be heard have traditionally and consistently been held to be the essential requisites of procedural due process.").  Moreover, he has not cogently identified a City practice or policy responsible for his injuries.  *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (holding "that a municipality may not be held liable under [42 U.S.C.] § 1983 solely because it employs a tortfeasor" and that a plaintiff "seeking to impose liability on a municipality" must "identify a municipal 'policy' or 'custom' that caused" his injury).  The actions he attributes to Bruen are seemingly actions

taken by the Maine District Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a plaintiff must plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Innis is entitled to prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutors are absolutely immune from liability under section 1983). And he has not cogently explained how Roggero, a private citizen who reported him to animal control, was acting under the color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (cleaned up)).

Third, even assuming D'Errico had a qualifying disability, the ADA does not exempt him from animal control laws. *See Desnoyers v. Green*, No. 3:25-cv-1170 (AWT), 2025 WL 4696161, at *5-6 (D. Conn. Sept. 23, 2025) ("Given the lack of legal authority that a service animal or its owner is exempt from local animal control or public health requirements, plaintiff has no legally viable claim that seizure of the animals on grounds of cruelty or neglect . . . constituted unlawful discrimination under the ADA.").

Fourth, given that D'Errico's dogs were seized from his vehicle in a Walmart parking lot, he has failed to state a claim under the FHA notwithstanding his incorrect assertion that his vehicle constituted a dwelling. *See Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 968-69 (9th Cir. 2010) ("The FHA applies only to 'dwellings.' 42 U.S.C. § 3604."); 42 U.S.C. § 3602(b) ("'Dwelling' means any *building,*

*structure, or portion thereof* which is occupied as, or designed or intended for occupancy as, a residence by one or more families . . . ." (emphasis added)).

Finally, D'Errico's Hobbs Act claim fails because the Hobbs Act is a criminal statute and he lacks standing to enforce it. *See Peters v. Ervin*, No. 2:23-cv-00684-DAD-CKD (PS), 2023 WL 8190514, at *4 (E.D. Cal. Nov. 27, 2023) ("[T]he Hobbs Act is a criminal statute, and no private right of action exists to pursue relief under the Hobbs Act. Accordingly, plaintiff's Hobbs Act claim is legally frivolous.").

Accordingly, I recommend that the Court **DISMISS** D'Errico's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: May 1, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

4